**CV11-5331**



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV -1 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION; and RICHARD J. WHALEN, as Trustee of United Food and Commercial Workers Union Local 348S,<br><br>Plaintiffs,<br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 348S,<br><br>Defendant. | CASE NO. 11-CV-<br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF TO ENFORCE TRUSTEESHIP AND FOR DECLARATORY RELIEF<br><br>GERSHON, J<br>ORENSTEIN, M.J.<br><br>Date Filed: November 1, 2011<br><br>SUMMONS ISSUED |

## INTRODUCTION

1. Plaintiffs, United Food and Commercial Workers International Union ("UFCW" or "International Union") and Richard J. Whalen ("Whalen" or "Trustee"), as Trustee of United Food and Commercial Workers Union Local 348S ("Local 348S" or "Local"), bring this action on behalf of the UFCW against one of its local union affiliates, Local 348S. Plaintiffs seek an emergency hearing and immediate injunctive relief, and other relief as appropriate, to enforce a trusteeship lawfully imposed by a parent International Union upon a subordinate local union, pursuant to the provisions of the UFCW Constitution, in order to correct corruption or financial malpractice and otherwise carry out the legitimate objects of the International Union.

2. Plaintiffs bring this action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to enforce the UFCW Constitution and to do so in a way that gives effect to Title III of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 461 *et seq.*, which authorizes and accords a presumption of validity to trusteeships instituted under circumstances such as those presented here. Defendant Local 348S, acting through its officers and agents, has violated the UFCW Constitution's trusteeship provisions by failing and refusing to abide by a trusteeship that the International Union instituted over Local

348S according to the terms of the UFCW Constitution. That trusteeship was instituted in the wake of a multi-count felony racketeering indictment handed down by a federal grand jury against the two principal officers of Local 348S, who the indictment alleges repeatedly victimized the Local, its members, and various employee benefit funds associated with the Local. Plaintiffs seek immediate injunctive relief enforcing the terms of the trusteeship, as well as a declaration that the trusteeship was lawfully imposed pursuant to the express authority and procedures set forth in the UFCW Constitution and the trusteeship provisions of the LMRDA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under Section 301(a) of the LMRA, 29 U.S.C. § 185(a), which allows federal courts to enforce contracts between labor organizations, including union constitutions. This Court also has jurisdiction under 29 U.S.C. §§ 1331 and 1337, as this action arises under the LMRA, 29 U.S.C. § 141 *et seq.*, and the LMRDA, 29 U.S.C. § 461 *et seq.* This Court is also vested with jurisdiction under the Declaratory Judgment Act, 29 U.S.C. §§ 2201 and 2202, to render a declaratory judgment and grant any other appropriate relief.

4. Venue lies in the District under Section 301(c) of the LMRA, 29 U.S.C. § 185(c), and Section 304(b) of the LMRDA, 29 U.S.C. § 464(b). Venue is also proper in this District under 28 U.S.C. § 1391(b). Local 348S represents members in this District, and has its principal office in this District.

## PARTIES

5. Plaintiff UFCW is an international labor organization that represents employees in industries affecting commerce. UFCW represents approximately 1.3 million workers and has approximately 950 local union affiliates, including Local 348S. UFCW is headquartered in Washington, D.C. and represents members in this Judicial District.

2

6. Plaintiff Richard J. Whelan is an International Vice President of UFCW within UFCW Region 1, comprising the Northeastern United States. On October 31, 2011, Whelan was appointed to be the Trustee of Local 438S, effective November 1, by UFCW International President Joseph T. Hansen in accordance with the UFCW Constitution.

7. Local 348S is a local labor organization affiliated with, and subordinate to, the UFCW that represents approximately 12,000 employees in industries affecting commerce in New York.

## FACTS

### Background

8. Pursuant to many of the collective bargaining agreements Local 348S has reached with employers that employ its members, those employers are obligated to make contributions for each hour worked by a Local 348S member to Local 348S's benefit funds, including a Pension Benefit Plan fund, a Health & Welfare Benefits Plan fund, and an Annuity Benefits Plan fund (the "Benefit Funds").

9. Between approximately 1976 and January 2010, Anthony Fazio, Sr. ("Fazio, Sr.") was a member of and the President of Local 348S, and between approximately January 2010 and the present Fazio Sr. has remained a member of Local 348S and has also served as an advisor to Local 348S's officers.

10. Anthony Fazio, Jr. ("Fazio Jr."), who is Fazio Sr.'s son, was a member and the Secretary–Treasurer of Local 348S between approximately September 2000 and January 2010. In approximately January 2010, Fazio Jr. became the President of Local 348S and remains in that position to the present.

11. Between approximately September 2000 and January 2010, John Fazio, Jr. ("John Fazio," and collectively with Fazio Sr. and Fazio Jr., "the Fazios"), who is Fazio Sr.'s nephew and Fazio Jr.'s cousin, was the Vice President of Local 348S. In approximately January 2010, John Fazio became the Secretary–Treasurer of Local 348S and remains in that position to the present.

12. On October 26, 2011, the United States Attorney's Office for the Southern District of New York announced the arrest of Fazio, Sr., Fazio, Jr., and John Fazio and simultaneously announced the unsealing of a six–count Indictment (the "Indictment") that had been returned against them by a grand jury.

13. The Indictment includes six counts: racketeering conspiracy, racketeering (comprising fifteen discrete sets of criminal racketeering acts), extortion conspiracy, unlawful receipt of labor payments conspiracy, money laundering conspiracy, and witness tampering.

14. The Fazios were indicted for a variety of offenses against Local 348S and the funds associated with it. The Fazios are alleged to have, *inter alia*, participated in a racketeering conspiracy whereby they (a) "exploited their positions" at Local 348S "to extort, solicit and obtain unlawful payments of money from business owners" for their personal benefit and "to forgive debts business owners owed to [Local 348S's] Benefit Funds in exchange for cash payments" to themselves as individuals, and (b) "laundered the unlawful payments they received with the intent of concealing the origin of those payments and promoting their unlawful activities." (Indictment ¶ 11.)

15. The UFCW learned of the Indictment on October 27, 2011. Immediately upon learning of the Indictment and that it alleged financial crimes by senior officers of Local 348S—including the misappropriation of funds belonging to Local 348S, its members, and its Benefit

4

Funds—the UFCW began taking action to protect its members' interests, the interests of Local 348S, and the UFCW's institutional interests.

16. In particular, on that same day, October 27, 2011, the International Union, through Executive Vice President Patrick J. O'Neill, sent a senior International Union staff employee, Ed Lynch, to Local 348S's headquarters in Brooklyn, New York to monitor the situation.

17. Mr. Lynch stayed at Local 348S's offices for part of that day, but when he returned to the offices on October 28, 2011, representatives of Local 348S refused to permit him access to the premises.

18. Shortly after reviewing the Indictment, Joseph T. Hansen, the International President of the UFCW and the Chairman of the International Union's Executive Committee, convened an emergency conference-call meeting of the International's Executive Committee, which took place on Sunday, October 30, 2011, to evaluate and deliberate over the impact of the indictment on Local 348S, its members, and the International Union.

19. The Executive Committee, after deliberation, voted unanimously to invoke its authority under the UFCW Constitution to place Local 348S under emergency trusteeship. The findings and reasons for the Committee's action are set forth in a written memorandum (the "Executive Committee Decision") dated October 31, 2011.

20. Pursuant to his authority under the UFCW Constitution, International President Hansen issued a letter (the "Trustee Appointment Letter") that appointed International Vice President Richard Whalen as the trustee of Local 348S, effective November 1, 2011. Also pursuant to the UFCW Constitution, UFCW has issued a notice to members advising them that an internal union hearing will be held as soon as practicable but in no event more than 30 days

5

from the imposition of the trusteeship; and that at that hearing members and the suspended officers of Local 348S will have an opportunity to contest the trusteeship.

21. Although the trusteeship became effective on November 1, 2011, Local 348S and its officers, as detailed below, have refused to cooperate with the trusteeship directive.

### The UFCW Constitution

22. The relationship between the UFCW and its subordinate local unions, including Local 348S, is governed by the Constitution of the United Food and Commercial Workers International Union (the "UFCW Constitution"). The UFCW Constitution is a contract between the UFCW and its locals and is thus a "contract between ... labor organizations" representing employees in an industry affecting commerce, within the meaning of Section 301 of the LMRA, 29 US.C. § 185.

23. Although each UFCW local union may devise its own bylaws, the UFCW Constitution takes precedence over any local bylaws, and each local union is bound to abide by the provisions of the UFCW Constitution. (UFCW Const. Art. 32, §§ (A)1, (C).)

24. Article 9, Section (F)1 of the UFCW Constitution provides, in pertinent part, that:

> A trusteeship may be imposed by the International Union upon a chartered body to correct corruption or financial malpractice, including mishandling or endangering Union funds or property, or the funds or property of any trust in which the Union has an interest; assure the performance of collective bargaining agreements or other duties of a bargaining representative; restore democratic procedures; or otherwise carry out the legitimate objectives of the International Union, including the proper administration of the finances and other affairs of the chartered body and the enforcement of compliance with federal, state, or provincial law, the Constitution or laws of the International Union, the approved bylaws of the chartered body, or the rules, decisions, or orders of the International Executive Board, the International Executive Committee, or International officers made within the scope of their authority under this Constitution. Whenever in the judgment of the International Executive Committee such action is required, it shall have the power to place such chartered body in trusteeship or take such other temporary action as it deems necessary[.]

25. Article 9, Section (F)2(a) of the UFCW Constitution empowers and authorizes the International President to appoint the trustee, and further provides that, upon appointment, the trustee "shall administer the affairs of the [local] during the trusteeship."

26. Under Article 9, Section (F)2(b) of the UFCW Constitution, the trustee is authorized, empowered, and required to "take immediate charge of the affairs of the [local] and ... ha[s] the right, upon demand, to all assets and records for the period that he or she is in charge, to be held in trust for the benefit of the members of the chartered body."

27. Under Article 9, Section (F)2(c) of the UFCW Constitution, automatically upon imposition of a trusteeship by the Executive Committee, "the officers of the [local] shall be suspended from office, and their functions shall pass to the trustee, who may delegate such functions to deputy trustees, and others as deemed necessary, subject to the approval of the International President."

28. The UFCW Constitution explicitly contemplates that the Executive Committee may impose a trusteeship prior to a hearing. Article 9, Section (F)1 of the UFCW Constitution provides that "[w]ithin 30 days following the imposition of a trusteeship, a hearing shall commence to determine whether the trusteeship is justified and shall be continued."

## Implementation of the Trusteeship

29. The UFCW Executive Committee imposed the trusteeship on Local 348S in full conformity with the UFCW Constitution.

30. On its November 1, 2011 effective date, the trusteeship became entitled to the presumption of validity embodied in Title III of the LMRDA, 29 U.S.C. § 464

31. On November 1, 2011, Plaintiff Whelan appeared at the offices of Local 348S in Brooklyn, New York in order to serve Local 348S with notice of the trusteeship and to demand

compliance by Local 348S with the trusteeship directive, including a demand that the Local allow Trustee Whalen to assume control of Local 348S's buildings and other property so that Whelan could carry out his duties and authority under the UFCW Constitution.. The Local's representatives refused to accede to the legitimate demands of Whalen and the International Union representatives and have thereby prevented Trustee Whalen from carrying out his mandate as Trustee in violation of Local 348S's obligations under the UFCW Constitution.

32. Unless immediate injunctive relief is granted, Local 348S and its agents will continue to refuse to recognize the lawfully imposed trusteeship and, in doing so, will continue to prevent the Plaintiffs from being able to restore proper governance to Local 348S, protect its members, and to carry out Local 348S's collective-bargaining responsibilities, irreparably injuring the Plaintiffs and members of UFCW and Local 348S as well as the reputation of the Local and the International.

33. Plaintiffs have no adequate remedy at law.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(Breach of UFCW Constitution in Violation of Section 301 of the LMRA)**

34. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 33 as if set forth fully herein.

35. By taking the actions set forth herein, Defendant and its agents have failed and refused to recognize and adhere to the trusteeship established by the UFCW in conformity with its Constitution. Such conduct is in violation of the UFCW Constitution, a contract between labor organizations within the meaning of Section 301(a) of the LMRA, 29 U.S.C. 185(a).

8

## Second Claim for Relief

### (Violation of Title III of the LMRDA)

36. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 35 as if set forth fully herein.

37. By taking the actions set forth herein, Defendant and its agents have failed and refused to recognize and adhere to the trusteeship established by the UFCW in conformity with its Constitution and that is entitled to the statutory presumption of validity. Such conduct is in violation of Title III of the LMRDA, 29 U.S.C. § 461 *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

1. A declaratory judgment that:

   a. The failure of Defendant Local 348S and its agents to recognize and adhere to the trusteeship established by the International Executive Committee of the UFCW violates the UFCW Constitution;

   b. The failure of Defendant Local 348S and its agents to recognize and adhere to the trusteeship established by the UFCW violates Section 301 of the LMRA and Title III of the LMRDA; and

2. Pending further hearings and relief herein, a temporary restraining order and preliminary injunction and ultimately a permanent injunction requiring that Defendant Local 348S and its officers and agents, and each and every other person acting at the direction of or in concert with them, shall:

a. Deliver all funds, assets, books, records, computers, and property of any kind (including real property) in their possession or control to Trustee Whelan or his designee(s);

b. Cease and desist from representing themselves as the authorized officers or representatives of Local 348S, unless expressly so authorized by Trustee Whelan;

c. Cease and desist from interfering in any manner with the conduct of the trusteeship by Trustee Whelan and his designee(s);

d. Provide, upon request, a complete accounting of the financial condition of Local 348S to Trustee Whelan or his designee(s), along with any and all requested financial records and explanations for receipts, disbursements, and financial transactions of any kind by Local 348S, its officers, representatives, employees, and agents;

e. Refrain from any destruction, removal, sequestration, or alteration of the funds, assets, books, papers, records or property of Local 348S;

f. Refrain from entering any of the offices or facilities of Local 348S or worksites represented by Local 348S, unless requested by the Trustee or his designee(s);

g. Refrain from the use of any of Local 348S's physical plants, buildings, computer systems, information systems, telephone systems, and databases;

h. Refrain from interfering with the use of computer or electronic information networks, data, and information systems;

    i. Refrain from interfering in any manner with the trusteeship or with Local 348S's collective bargaining and grievance handling relationships with any and all employers that employ Local 348S members; and

  3. An award to Plaintiffs of their costs and disbursements, reasonable attorneys' fees, and such other and further relief as this Court deems just and appropriate.

Dated: November 1, 2011    Respectfully submitted,

               */s/ Patricia McConnell*
               PATRICIA MCCONNELL (PM 1861)
               Meyer Suozzi English & Klein, PC
               1350 Broadway
               New York, NY 10018
               Telephone: 212-763-7021
               Facsimile: 212-239-1311
               Email: pmcconnell@msek.com

               Robert M. Weinberg (DC 85530)*
               Email: rweinberg@bredhoff.com
               Leon Dayan (DC 444144)*
               Email: ldayan@bredhoff.com
               BREDHOFF & KAISER, P.L.L.C.
               805 15th Street, N.W.
               Suite 1000
               Washington, DC 20005
               Telephone: 202-842-2600
               Facsimile: 202-842-1888

               *Motion pending for admission *pro hac vice*.

               *Counsel for Plaintiffs*